I may please the court and judge before I begin if I could reserve two minutes certainly for me but I'd appreciate that. The reason Mr. Lendahl's case is before this court your honors is a relatively narrow issue but Mr. Lendahl on his own in a per se proceeding both at state court and then into the federal court with a habeas petition asked to have the merits of his habeas petition heard because he raised issues federal issues at the state level in post-conviction relief proceedings. Certainly to be in this federal court and to be in the district court on his habeas petition he was required at the state court in the state of Arizona to raise constitutional claims federal constitutional claims exhaust those claims in the state court and give them or it the trial court which eventually ruled in the state a fair opportunity to address Mr. Lendahl's constitutional claims and resolve the matter on those constitutional claims. The district court in this matter essentially barred Mr. Lendahl from his merits being heard in the district court because in their opinion in the district court's opinion he did not adequately exhaust or adequately raise federal claims at the state level. So the issue that you're saying he exhausted was where I was referring to as the unconstitutional sentence enhancement claim. Is that right? His claim that the sentence enhancement should not have been decided by the judge but should have been decided by the jury. Is that right? Essentially your honor that is correct. What Mr. Lendahl did and again I think it's important to note and I'm sure this court has it his post conviction relief proceedings all the way through his habeas petition to the district court was done and filed by himself in a pro se fashion. He raised a number of what he believed to be constitutional issues all surrounding his sentence enhancement. He did it in a number of different ways but was consistent all the way through. Part of those, part of that argument he made reference to the 14th amendment and his right to have sentencing aggravators, sentencing hearings on the aggravators that essentially resulted in his aggravated sentence of 7 years. So in his original PCR petition he references Munger and he talks about state detainment and its requirement, its interpretation of ring. And is it your position that those references are sufficient to exhaust this particular claim? Again I just want to make sure I'm understanding what the claim is that you're saying he did exhaust. And my understanding was that was the claim that the sentencing enhancement factors had to be heard by a jury. Judge that is one of the claims that he did exhaust. The cases that you mentioned that he referenced in his original PCR were part of his attempts to exhaust those claims. In addition, although they were relatively general references compared to that an attorney would likely make, hopefully, he also referenced 6th amendment and 14th amendment issues. As he went on, Judge, his arguments I wouldn't say changed. They did expand some as he got into federal court but they were essentially consistent all the way through. And he did rely on other federal cases, although as was pointed out, maybe unpersuasively, but he did use the ring decision. He did use Amadeus Torres. He even referenced Blakely at one point. All of which are sentencing related cases, Your Honor. So other than what I've been looking at and talking about that the sentencing enhancement should have been heard by the jury, is there another claim that Mr. Lindahl is saying was exhausted and is before us now? Judge, I believe there is. And again it relates to the sentencing. He indicates, and it's kind of combined with his ineffective assistance of counsel claim, although I believe it is framed and has been exhausted as a due process claim under the 14th amendment. Mr. Lindahl has exhausted the fact that he did not give a knowing and intelligent waiver of the right to having aggravating factors heard by a jury. His support for that is extensive. He also indicates that it was because of his counsel's lack of conveying that knowledge to him that he went on and waived that right to aggravating factors being heard by a jury and eventually was sentenced to the aggravated term. However, I think more than the ineffective assistance claim in that case, what he's saying is, yes, I have to make a knowing and intelligent waiver of these factors or the right to a jury trial on these factors. I made a waiver on the record, but it obviously wasn't knowing and intelligent because I didn't understand how and what the process of that waiver was. And I didn't understand it because my attorney didn't explain it well enough. It was essentially fast-tracked and I just went along. So if we agree with your position, when we get to the merits of this case, how can he possibly win? You have Ring and the Supreme Court has corrected us in saying that Ring's not retroactive. You have Almendarez-Torres. What's your best argument if we peek ahead in the merits that he's got a viable claim? Well, the best argument, Judge, would be that had a jury heard evidence presented on the aggravating factors, that those factors wouldn't have been found by the jury, that ultimately his sentence wouldn't have been aggravated. And instead of, I think, he ultimately received a seven-year sentence, he would have been more around the presumptive term of three and a half years. Isn't that sort of getting to the jury? On ENCA, we have to say the state court was unreasonable in saying that the enhancement could be determined by the court. And as Judge Thomas mentions, don't we have Almendarez-Torres saying that fact does not have to be proven by a jury? What I think Mr. Lindo is ultimately asking his court to do is have a hearing or decide the merits on whether he actually did understand and make a knowing and intelligent waiver. Judge, at this point in the proceedings... But let's assume that he did. I mean, that he, or I'm sorry, he didn't make a knowing waiver. We send it back. Just at the end of the day, isn't he barred from presenting this to a jury? I mean, I think it's hard to say that Arizona was wrong in saying under current law that this is a question that's reserved to the jury. Which is the best argument? Judge, I think it would be hard. I would agree with that if he went back to the state court. Can I just clarify a second? The only sentencing enhancements we're talking about is juvenile convictions or prior convictions? Prior convictions, Your Honor, yes. The court took into account prior convictions. Although his plea agreement at the time agreed to dismiss the formal allegations of his convictions pursuant to the plea, the court still considered those when sentencing within the range allowed by the plea. I just want to clarify. Can you just finish your answer, Judge? Sure, Your Honor. Again, the best argument, Judge, would be to go back and have a greater sentencing hearing and say that these factors shouldn't have applied, frankly, because enough evidence wasn't presented. It is a difficult argument, Judge. And what Mr. Lindahl is asking simply is to have the merits of his constitutional violation be heard or decided on, either by the federal court on a habeas petition or back in the state court. However, at this point, I do believe that because of the ruling by the state court judge, the highest court to hear the case, which was the trial court, that he would be barred from going back there because I believe the court has addressed the issues. The minute entry, essentially the court's order is not extensive. It doesn't go into great detail, but it does address each one of his points and denies it. That's another reason that Mr. Lindahl would like to have his hearing in federal court. Your time is about a minute and 30. Do you want to return?  Good morning. May it please the court. My name is with the Arizona attorney general's office and I represent the respondents in this matter. If I may address the questions that the court has raised regarding the issue of going right to the merits and what would be the efficacy of doing that. In this case, respondents submit that, first and foremost, that Mr. Lindahl did not fairly present his claims in each state court as he was required to do. But he cites Ring. Doesn't that give, doesn't that apprise the California court of appeal that he's got a federal issue that he's challenging jury versus judge or judge versus jury sentencing? Your Honor, it does not. The mere recitation of Ring, what Mr. Lindahl did throughout the state court proceedings is he changed the nature of his claims. And even though at times they were similar, they were not the same claim. And so because of the fact that he changed claims, then they were insufficiently accurate or similar for the state court to have looked at them, applied federal law to the particular claim and resolved it, giving the state court a fair chance to resolve it. But when you cite Ring, I mean, in Arizona, everybody knows, in criminal law, everybody knows what that means, right? But, Your Honor, what... I mean, for a pro se to cite Ring is pretty remarkable. And I think if I'm sitting in the California court of appeal and somebody cites, I'm making a Ring argument, I have to know what they're talking about, right? Well, and, Your Honor, on the point that Ring would preserve, assuming that it raised the issue, that specific claim was not adequately presented to the Arizona court of appeals in his petition for review. So the State's position is that he did not fairly present it at each state court level, and, therefore, it was not adequately preserved. Regardless of whether the court were to find procedural default, however, when the matter is looked at and viewed on the merits, there is absolutely nothing here that would entitle Mr. Lindahl to relief on the merits. The trial court proceedings, as are represented by the excerpts of record that are before this court, they clearly reflect the fact that Mr. Lindahl did make a knowing and voluntary and intelligent waiver of his right to have a judge apply aggravators in determining his sentence. I would just ask the court to keep in mind that in the change of plea proceedings themselves, the actual plea agreement that Mr. Lindahl signed, he initialed each paragraph of the plea agreement, and those specific paragraphs are critical to the issue before this court. In the plea agreement, Mr. Lindahl avowed that he had discussed the case and his constitutional rights with his counsel. That was one avowal. He also, in that specific plea agreement, he avowed that he informed the court that he had read the plea agreement, initialed the paragraphs, signed the plea agreement, and discussed it with counsel prior to doing so. In addition, the plea agreement specifically stated that he was waiving his right to a jury trial at sentencing. And in paragraph seven, which is the same paragraph, it also specifically says that Mr. Lindahl was agreeing to judicial fact-finding as to any aspect of his sentence. And, of course, the aspect of the sentence at issue is here, is whether or not the trial court properly aggravated his sentence based upon his prior convictions. In addition to all of the aforementioned matters that were waived, paragraph 10 of the Arizona plea agreement that is used in Maricopa County specifically states, and I quote, my lawyer has explained the nature of the charges and elements of the crimes to which I am pleading. I understand that by pleading guilty, I will be waiving and giving up my right to a trial by jury to determine guilt and to determine any fact used to impose a sentence within the range stated in paragraph one. And when you refer back to paragraph one, necessarily the judge had leeway or license, so to speak, to sentence up to 8.5 years, actually, if she had found exceptionally aggravated circumstances, although she only imposed a term of seven years. The additional factor that is so telling on this point, and what I think certainly shows that there's absolutely no merits to his claim, is that in addition to the plea itself, which Mr. Lindahl initialed and signed, at the change of plea proceedings, Judge Hoffman specifically asked him if he realized that he was consenting to judicial fact-finding as to any aspect of the sentence. And the petitioner specifically agreed that he was agreeing to that. So given the state of the record and how clearly laid out the state of the record is in the trial court proceedings, I think that even were this Court to look at it on the merits, given Almendarez and given Blakely, Mr. Lindahl is not entitled to relief under any claim that he would make. The other point that I would ask the Court to keep in mind regarding the issue of Blakely, as Mr. Altman mentioned, he said that Mr. Lindahl did reference Blakely in his original state court proceedings. However, I would ask the Court to keep in mind that in the original petition for post-conviction relief filed in the state court, the only time that Blakely was brought into play was in the ineffective assistance of counsel arena. It was not brought into play, and it was not mentioned when Mr. Lindahl was saying that a jury should have reviewed the aggravating factors. So I would ask that the Court recognize that in terms of the procedural default claims, Blakely was not pled by Mr. Lindahl in the state court proceedings at the first opportunity that he had to do so. One question I have, which is a little bit apart from the merits of the case, too, is a recurring situation we have in the Ninth is the Supreme Court keeps dropping hints that they're going to reverse Almendarez-Torres. And many people are preserving that issue. We get briefs saying, we understand it's barred, but we have to preserve the issue because justices keep dropping footnotes or dissents and saying it's all but overruled, we're going to overrule it, which would have fairly profound consequences for a lot of cases. Do you think he's adequately preserved the Almendarez-Torres argument if the Supreme Court changes its mind? Your Honor, I do not believe that he has. And the reason I say that is because the Almendarez provides, obviously, that the avowal or the notice of the indictment does not have to also indicate that the state intends to use an aggravated factor or a prior conviction, excuse me. In this instance, the record is so replete with the fact that the prior conviction was first and foremost the issue. The state waived it as part of the plea agreement in terms of an incentive to take the plea. And I think the gist of Mr. Lindahl's habeas claim, and it was the gist at the original post-conviction proceedings, and that was he believed that he should not have been given an aggravated sentence because the court ignored or refused to follow the three mitigating factors that had been presented. So the gist of his claim, really, when you look at it and boil it down to its essence, it was that the trial court improperly aggravated his sentence because it did not take into account the fact that there were all these mitigators that, obviously, the court found not persuasive. In light of the fact that that really is his core claim, his merely throwing Almendarez out there, so to speak, would, in this instance, not adequately preserve it for, in his instance, when you look at the underlying rationale and the gist of what he originally raised in the trial court proceedings. Okay. Any further questions? Thank you for your argument. Further rebuttal? Just briefly, Your Honors, what the state seems to be saying and has said in their brief and continues to say is, yes, Rehm was cited. Almendarez-Torres federal authority was cited by Mr. Lindahl, but he didn't do it well. He didn't use it persuasively, and, in fact, at times it was used incorrectly. What I think the court needs to keep in mind in a case like this is Mr. Lindahl simply wanted the merits of his claim to be decided and made his best attempts to preserve and exhaust the federal issues by using federal case law and federal authority that did apply to sentencing issues without the aid of an attorney. And I think within the excerpts of record, I believe it's his PCR or the response to his post-conviction, a reply to the response to his post-conviction relief, he does indicate for the court that he has no ability to be in a law library, no legal access, and had essentially been doing this on his own. And I think there should be some deference given by the court, especially when all he's asking is his issue to be heard on the merits to a pro se defendant who is in the state of Arizona prison filing relatively extensive and thorough pleadings to the best of his ability. The gist of his argument, as the state just said, remained the same all the way through, and yet in the district court he was barred saying that his argument had fundamentally changed and he did not preserve the issues. We believe he did because the gist did remain the same. Thank you, counsel. I thank both of you for your arguments. I appreciate you coming in from Arizona today and the case to start would be submitted for decision.
judges: Restani, Thomas, Ikuta